IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01807-WJM-KLM

DONANCIO DURAN,

     Plaintiff,

v.

LAFARGE NORTH AMERICA, INC.,

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion and Incorporated Memorandum in Support for Sanctions** [Docket No. 41; Filed July 18, 2011] (the "Motion").  Plaintiff filed a Response in opposition to the Motion on August 17, 2011 [Docket No. 48], and Defendant filed a Reply on August 26, 2011 [Docket No. 50].  The Motion is ripe for review.  For the reasons stated below, the Court **DENIES** Defendant's Motion.

Plaintiff sues his former employer, the Defendant, because he believes he was wrongly terminated on the basis of his national origin.  *See Sched. Ord.*, Docket No. 25 at 2.  In the Motion at hand, Defendant asks the Court to dismiss Plaintiff's claims with prejudice and award it fees and costs, or in the alternative, permit an adverse inference jury instruction plus fees and costs.  The basis for this request is an allegation that Plaintiff gave false testimony under oath during his deposition in three primary areas relevant to his claims: 1) cell phone use while employed with Defendant, 2) employment after his employment with Defendant was terminated, and 3) past criminal convictions.  Defendant

1

contends that Plaintiff willfully falsified his testimony, as he knew that the answers he stated during his deposition were incorrect.

In response, Plaintiff avers that he testified "to the best of his recollection," and the oversights were inadvertent. Plaintiff represents that he "was extremely nervous during his deposition and . . . in no way intentionally offered false testimony to bolster his claims against Defendant." *Response*, Docket No. 48 at 3. Plaintiff asserts that in any event, Defendant was not prejudiced by his omissions or missteps as Defendant eventually obtained the correct information. *Id.* at 6.

Review of the briefing demonstrates to the Court that Defendant is asking the Court to impermissibly substitute its judgment for the judgment of a jury in determining the credibility of Plaintiff's testimony. Unlike the circumstances described in the cases Defendant relies upon, Defendant does not support its accusations of willfulness with evidence that Plaintiff knowingly gave false testimony or otherwise fabricated evidence. Instead, the record could be construed to show that Plaintiff mistakenly gave false testimony, which was corrected by evidence now in Defendant's possession, that is, the phone records and interrogatory responses. Regarding the omission of the name of Plaintiff's employer at the time of the deposition (also not previously disclosed by Plaintiff), Defendant has not been prejudiced, as counsel for both Defendant and Plaintiff are now informed, and Defendant does not assert that the omission has precluded its ability to properly prepare a defense.[1] The Court is not positioned to make determinations on the credibility of a witness, nor may it "substitute its choice for that of the jury between

---

[1] In any event, Plaintiff attests that he willingly "signed unlimited releases for Defendant to request information relating to Plaintiff's work history." *Response*, Docket No. 48 at 5.

conflicting elements in the evidence." *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersystems GmbH*, 417 F. Supp. 2d 1188, 1198 (D. Colo. 2006) (in the context of a Rule 50(b) motion). *See also, e.g., Rath v. Attorney General of Colorado*, No. 06-cv-00419-WYD, 2008 WL 1930633, at *8 (D. Colo. May 1, 2008) ("the credibility of witnesses is a matter solely within the province of the jury"); *Rawson v. Sears, Roebuck and Co.*, 554 F. Supp. 327, 329-30 (D. Colo. 1983) ("since the nature of a discrimination claim involves issues of intent and state of mind, in addition to credibility of witnesses, [the court] cannot resolve this as a matter of law.").

By filing the Motion, Defendant inappropriately entrenches the Court in a "he said, she said" dispute about contradictions in evidence.  Evidentiary contradictions are the basic crux of why disputes are litigated.  If both parties agreed as to the veracity and quality of evidence, it is likely the suit would have settled before the filing of dispositive motions, if not before the suit was commenced.  However, as is the case in many lawsuits, this matter rests on the veracity and quality of the evidence as related to both parties' positions.  The Court thus declines to award sanctions as a consequence of discrepancies in Plaintiff's testimony that were subsequently corrected, particularly in the absence of actual evidence, not merely conjecture, indicating willful fabrication.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated September 7, 2011 at Denver, Colorado.

BY THE COURT:

  s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge